## DANIEL SILLOWAY *vs.* COLUMBIA INSURANCE COMPANY & another.

Under the *St.* of 1851, *c.* 206, this court has jurisdiction in equity over the property of foreign corporations in this commonwealth.

Under the *St.* of 1851, *c.* 206, this court has jurisdiction to compel the application, in payment of a debt, of property which is not of a nature to be attached at law.

Any creditor alone may maintain a bill under the *St.* of 1851, *c.* 206, although the debtor has many other creditors, and is insolvent.

On a bill in equity under the *St.* of 1851, *c.* 206, against the agent of a foreign debtor, the defendant may retain sufficient of the property in his hands for the payment of his own services and expenses in taking care of and defending the title in the property.

BILL IN EQUITY, under *St.* 1851, *c.* 206, against the Columbia Insurance Company and Henry Edwards.

The bill alleged that said company were a foreign corporation, established by the laws of South Carolina, but during the period mentioned in the bill doing business in this commonwealth under the laws thereof; that during said period Edwards was their general agent for this state, appointed in pursuance of the statute in that behalf made ; that the company had issued policies to the plaintiff, under which losses had occurred, which had been duly notified to the company, and which they were bound and admitted their liability to pay, but had failed so to do ; and that therefore the plaintiff, both before the filing of this bill and the commencement of the action hereinafter mentioned, was and is a creditor of the company to the amount of about $7,000 ; that the plaintiff had commenced an action at law against the company, to recover the amount due him under his policies, in this court for the County of Essex, and delivered the writ to an officer, with instructions to attach the property of the company, if any could be found; that said officer had made return, that after diligent search he could find no property of the company, which was by law attachable ; and that the plaintiff had made diligent inquiries and search for any property of the company in this commonwealth, attachable by law, but could find none, and that there is none.

The bill further averred that there is a large amount of valuable property, belonging to the company, now in this commonwealth, in the possession of Edwards, their general agent, but which cannot be come at to be attached, consisting of promissory notes given to the company in payment of premiums on policies of insurance issued by them in this commonwealth; that Edwards may pass said notes out of his possession or control into that of other agents or officers of the company, not residing in this commonwealth, and beyond the jurisdiction of this court; and that the plaintiff, in justice and equity, and especially by virtue of the *St.* of 1851, *c.* 206, is entitled to have the property now in the hands of Edwards applied to the payment of the debts due him from the company under said policies, and that he is entitled to the aid of this court of equity in that behalf. And the plaintiff prayed that Edwards might be enjoined from passing said notes out of his possession without the order of this court; for a discovery; for a delivery of the notes to the court; and that the amount due to the plaintiff might be determined, and so much thereof as may be necessary applied to the payment of his debts; and for other relief.

The company, in their answer, substantially admitted the averments in the bill, and alleged that before the filing of the bill many suits at law had been commenced against them, and other separate and similar bills had since been commenced against them; that they were embarrassed, and were and probably would be unable to pay their debts in full, and desired that all their assets should be appropriated in just and equal proportions, if the same should not be adequate to pay all such liabilities; that the amounts claimed in said suits are more than the amount of assets in said agent's hands; that if the plaintiff's prayer should be granted, he would obtain an unjust preference and priority in the distribution of their property over other creditors in and out of the Commonwealth; that all their property in said agent's hands, if this court have any jurisdiction over the same in equity, should be appropriated to the payment in just and equal proportion of all their creditors in this commonwealth.

The company denied that in justice or equity, or by *St.* 1851,

*c.* 206, the plaintiff was entitled to have said property in the hands of said agent applied to the payment of his debt in preference to other creditors, and especially to such creditors in this commonwealth; and averred that by virtue of the *St.* of 1854, *c.* 453, if this court have any jurisdiction in equity, the said property should be applied equally to the payment either of all creditors in this commonwealth, or of all such as may come in and become parties to a suit in equity, in just and equal proportions, without preference or priority; that the plaintiff's bill ought to have been brought as a creditor's bill, and in behalf of himself and all creditors or such other creditors generally or in this commonwealth, as should come in and become parties to the same, and contribute to the expense thereof; that this bill was therefore defective and cannot be sustained; that the plaintiff has a plain, adequate and complete remedy at law; that the court had no jurisdiction in equity, and the plaintiff had no right to have the property in the hands of Edwards applied to the payment of his debts. And the defendants pray for the same benefit of their objections as if taken by demurrer o. plea.

Edwards filed a similar answer, in which he claimed a lien for a balance due to him from the company for services, and for such expenses as he might be put to by reason of this bill or other litigation as to any rights in said property, and for his care and custody thereof.

The case was set down for hearing on the bill and answers.

*E. Merwin,* for the plaintiff.

*C. T. Russell,* for the defendants. The court has no jurisdiction of this bill. (1.) Because the *St.* of 1851, *c.* 206, applies only to "any debtor not residing in this commonwealth," and does not include foreign corporations.

(2.) Because the jurisdiction and power conferred upon this court by that statute are limited by the general principles and rules of equity; and under these there is no jurisdiction or power to attach, and apply to the payment of a debt, property like that in question, which cannot be attached at law, merely upon the ground that it cannot be so reached, without any special lien in

equity attaching to it. *Jones* v. *Boston Mill Corporation*, 4 Pick. 509, 512. *Dundas* v. *Dutens*, 1 Ves. Jr. 196. *Rider* v. *Kidder*, 10 Ves. 360. *Neate* v. *Marlborough*, 3 Myl. & Cr. 407. *M'Kay* v. *Green*, 3 Johns. Ch. 56. *Donovan* v. *Finn*, Hopk. 74. *Shaw* v. *Aveline*, 5 Ind. 380. Adams on Eq. 129, 130.

The *St.* of 1851, *c.* 206, gives equity jurisdiction merely in aid of the law, to "reach" property which, being liable to attachment, or seizure on execution, "cannot be come at to be attached or taken on execution." It is intended to effect the same result as to such property, that the Rev. Sts. *c.* 81, § 8, do as to property secreted or withheld so that it cannot be replevied. It does not enlarge the creditor's rights as to such attachment or seizure.

(3.) Because, granting the plaintiff may have the relief alleged, still it can only be by a creditor's bill for all creditors. *Fisher* v. *Worth*, Busbee Eq. 63. *Hallett* v. *Hallett*, 2 Paige, 19. *Hendricks* v. *Robinson*, 2 Johns. Ch. 283. *Stephenson* v *Taverners*, 9 Grat. 398. *Harris* v. *First Parish in Dorchester* 23 Pick. 112. Story Eq. Pl. § 99 & notes. This rule alone secures the defendants from multiplied suits ; secures equality among creditors, which is equity, and enables the court to deal with the whole fund. It also disposes of the fund in accordance with the general policy of the laws of the State. *St.* 1851, *c.* 327. In this case it appears by bill and answer, there are numerous creditors and suits already commenced.

(4.) In any event, Edwards should be allowed to retain a sufficient amount to meet his account for services, and costs, expenses and charges.

THOMAS, J. This is a creditor's bill, brought under the *St.* of 1851, *c.* 206. That statute is as follows : " The supreme judicial court shall have jurisdiction in equity, upon a bill by any creditor, to reach and apply, in payment of a debt due from any debtor not residing in this commonwealth, any property, right, title or interest, legal or equitable, of such debtor, within this commonwealth, which cannot be come at to be attached or taken on execution in a suit at law against such debtor."

The material allegations of the bill, which are either admitted

in the answer or are to be taken as true on this hearing, are : That the said insurance company are a foreign corporation, doing business in this state ; that they are debtors of the plaintiff to the amount of about $7,000 by reason of losses under their policies of insurance issued to him ; that he has in vain endeavored to secure said debt by the attachment of the company's property ; that the company have no property in this commonwealth, which can be come at to be attached ; that they have in the hands of their general agent here, the defendant Edwards, a large amount of promissory notes (over $50,000) given for premiums on policies issued by them. The plaintiff prays that so much of this property as is necessary may be applied to the payment of his debt.

The answer, by way of demurrer, raises several questions of law :

1. Whether the court has jurisdiction ? This it has under the words of the statute.

2. Whether, by this process, the plaintiff may reach property not attachable ? The language is explicit—" any property, right, title or interest, legal or equitable."

3. Whether the bill may be brought by a creditor for himself alone, or whether he must bring a bill to which all creditors may become parties ? We think the statute clear in this respect also. It allows " a bill by any creditor to reach and apply in payment of a debt."

4. Whether Edwards may retain so much as may be necessary to meet a balance due him for services, and reasonable costs and charges? This, upon the plainest principles of justice, he may. *Decree accordingly.*